UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. REED, JR.,

      Plaintiff,

v.                                 Case No:  2:17-cv-288-FtM-38CM

FORNEY INDUSTRIES, INC.,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Protective Order on Defendant's Notice of Service of Subpoena Duces Tecum (Doc. 27) and the Agreed Motion to Extend Trial and Pre-Trial Deadlines (Doc. 29). Defendant opposes Plaintiff's motion for a protective order.   Doc. 28.

On May 25, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida.   Doc. 1.   Defendant Forney Industries, Inc. ("Forney") is a family-owned corporation selling tool, equipment and accessory products.   Doc. 20 ¶ 9.   Plaintiff was an employee of Forney from September 2003 to December 2015.   *Id.* ¶¶ 10, 17.   Plaintiff alleges he could not work from July 2015 to August 2015 because he suffered a knee injury and had knee surgery in July 2015.   *Id.* ¶¶ 13-15.   Plaintiff claims that after he returned to work in August 2015, Forney attempted to find fault with his work performance in efforts to terminate him.   *Id.* ¶ 17.   In December 2015, Forney terminated Plaintiff's employment, although he allegedly performed well at work.   *Id.* ¶¶ 19-22.   On May

25, 2017, Plaintiff filed a Complaint seeking damages under the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq.*   Doc. 1.   Subsequently, Plaintiff filed an Amended Complaint, adding two counts of disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.,* as amended, and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*   Doc. 20.

On September 19, 2017, Forney served a subpoena on Plaintiff's current employer, K-T Industries, Inc. ("K-T Industries"), commanding K-T industries to produce "[a]ny and all human resources/personnel records in [its] possession regarding [Plaintiff,] including applications for employment; performance evaluations; payroll records; time cards; absentee records; employment physicals; and Workers' Compensation claims.   In other words, EVERYTHING in [K-T Industries'] possession regarding [Plaintiff.]"   Doc. 27-1.   The subpoena required K-T Industries to produce them at 10:00 a.m. on October 19, 2017.   *Id.* at 1.   Forney sent a notice of the subpoena to Plaintiff's counsel on October 24, 2017.   Doc. 27-2.

On November 30, 2017, Plaintiff filed the present motion, seeking a protective order concerning Forney's subpoena to K-T Industries.   Doc. 27.   Plaintiff alleges he objected to the subpoena based on relevance and other grounds, such as annoyance, embarrassment and oppression.   *Id.* at 2.   Forney disagreed with the objections, but agreed to notify K-T Industries not to produce any responsive documents until the parties could reach an agreement.   *Id.*

Plaintiff argues he provided Forney with copies of his tax returns and W-2s, including his records of earning from K-T industries. *Id.* He acknowledges these documents are relevant to the issues of his damages and mitigation of damages. *Id.* Nonetheless, Plaintiff asserts his payroll records requested by Forney are not necessary because he already provided his tax returns, W-2s and paystubs following the period after Forney's termination of his employment. *Id.* Plaintiff further claims the requested information concerning his medical condition is not relevant because only his medical condition during the term of his employment with Forney matters here. *Id.* at 2-3. Thus, Plaintiff argues Forney's subpoena constitutes annoyance, embarrassment and oppression because his employment records of K-T Industries are not relevant to any issue in this case, except for damages. *Id.* at 3. Plaintiff asserts Forney is engaging in a fishing expedition, and the discovery request is not proportional to the needs of the case. *Id.* Alternatively, Plaintiff asks the Court to find less intrusive means to obtain the requested information. *Id.* Forney responds all of the requested documents are relevant and discoverable. Doc. 28 at 3-4.

The Court finds the requested documents are relevant and discoverable. Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party may object to a discovery request by moving for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.   Fed. R. Civ. P. 26(c). Rule 26(c) provides that "a party or any person" may move for a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense."   Fed. R. Civ. P. 26(c).   The court, upon a party showing good cause, may issue a protective order including "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery" and "forbidding the disclosure or discovery."   Fed. R. Civ. P. 26(c).   "Rule 26(c) gives the district court discretionary power to fashion a protective order."   *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

A party resisting discovery must establish "lack of relevancy or undue burden in supplying the requested information."   *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (citation omitted).   The resisting party must show that the requested discovery does not come within the scope of relevance within Rule 26(b)(1) or is of marginal relevance that the potential harm caused by discovery outweighs the presumption in favor of broad disclosure.   *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff does not provide any legal authority to show that the requested information lacks relevancy or imposes undue burden on K-T Industries.   Doc. 27. In contrast, Forney supplies two cases from this district in which courts found an employee's personal records from a current employer are relevant and discoverable

when the records pertain to the employee's claim of damages and mitigation of those damages against a previous employer. Doc. 28 at 5-6; *Glambrone v. Kearney & Co., P.C.*, No. 8:16-cv-2083-T-30AAS, 2017 WL 2538705, at *1 (M.D. Fla. June 12, 2017); *U.S. Equal Emp't Opportunity Comm'n, v. Autozone, Inc.*, No. 3:06-cv-00862-J-32MCR (M.D. Fla. Dec. 18, 2007). Similarly, Plaintiff here admits the requested pay records from K-T Industries are relevant to the issue of Plaintiff's damages and mitigation of damages. Doc. 27 at 2.

Furthermore, Plaintiff alleges he suffers damages, including emotional pain and suffering, mental anguish, outrage and loss of dignity, as a result of Forney's termination of his employment. Doc. 20 ¶ 35. By seeking damages for emotional distress, Plaintiff waived his privacy interest in the documents sought. *Glambrone*, 2017 WL 2538705, at *1; *U.S. Equal Emp't Opportunity Comm'n, v. Autozone, Inc.*, No. 3:06-cv-00862-J-32MCR, at 7 (M.D. Fla. Dec. 18, 2007). Forney also is entitled to discover the documents related to Plaintiff's mental conditions so that Forney may determine the extent to which Plaintiff's mental state is affected by his loss of employment. *Glambrone*, 2017 WL 2538705, at *1; *U.S. Equal Emp't Opportunity Comm'n, v. Autozone, Inc.*, No. 3:06-cv-00862-J-32MCR, at 7 (M.D. Fla. Dec. 18, 2007). Accordingly, the Court will deny Plaintiff's motion for a protective order and direct K-T Industries to respond fully to Forney's subpoena.

Lastly, the parties jointly seek a ninety (90) extension of the pending deadlines. Doc. 29. Pursuant to the Case Management and Scheduling Order, the parties have until February 1, 2018 to complete discovery, February 14, 2018 to mediate and

March 1, 2018 to file dispositive motions, and a trial term commences on August 6, 2018.  Doc. 19 at 1-2.  Based on the parties' representations, the Court finds good cause to grant in part the requested extensions.  Doc. 29.  Given the length of the requested extensions and the Court's heavy caseload, however, the Court will extend the remaining deadlines by sixty (60) days.  In light of the extensions, the Court expects the parties to exercise their diligence in meeting the extended deadlines. The parties' continued diligence and coordination will help avoid the parties' future need to file additional motions to extend the deadlines.   The Court further will cancel the hearing scheduled for February 21, 2018.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Motion for Protective Order on Defendant's Notice of Service Subpoena Duces Tecum (Doc. 27) is **DENIED**.

2.      K-T Industries, Inc. shall have up to and including **March 2, 2018** to fully respond to the subpoena (Doc. 27-1).

2.      The Agreed Motion to Extend Trial and Pre-Trial Deadlines (Doc. 29) is **GRANTED in part and DENIED in part**.

3.      An amended case management and scheduling order will be issued under separate cover.

4.      The hearing scheduled for February 21, 2018 is **CANCELLED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record