UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. REED, JR.,

    Plaintiff,

v.                                                                                      Case No: 2:17-cv-288-FtM-38CM

FORNEY INDUSTRIES, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel (Doc. 38) filed on March 1, 2018. Plaintiff seeks to compel Defendant Forney Industries, Inc. ("Forney") to produce certain documents in response to his discovery requests. Doc. 38. He also seeks to depose certain witnesses. *Id.* at 2. Forney filed a response in opposition to the motion to compel. Doc. 41. Plaintiff further seeks to file a reply brief to Forney's response, which Forney does not oppose. Doc. 42. Plaintiff's motion for a reply brief is denied because the Court finds a reply brief will not aid the Court's ruling on the motion to compel.

On May 25, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida. Doc. 1. Forney is a family-owned corporation selling tool, equipment and accessory products. Doc. 25 ¶ 9. Plaintiff is a sixty (60) year old male, who was Forney's employee and generated and oversaw sales of Forney's products from September 2003 to December 2015. *Id.* ¶¶ 8, 10-11, 17. Plaintiff alleges he could not work from July 2015 to August 2015

because he suffered a knee injury and had knee surgery in July 2015. *Id.* ¶¶ 13-15. Plaintiff claims that after he returned to work in August 2015, Forney attempted to find fault with his work performance in efforts to terminate him. *Id.* ¶ 17. In December 2015, Forney terminated Plaintiff's employment, although he allegedly performed well at work. *Id.* ¶¶ 19-22.

Plaintiff filed a Complaint on May 25, 2017 and subsequently amended his Complaint twice. Docs. 2, 20, 25. Plaintiff's Second Amended Complaint alleges six counts: disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, as amended; age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; and disability discrimination, retaliation and age discrimination under the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq.* Doc. 25. On February 16, 2018, the Court entered an Amended Case Management and Scheduling Order, setting the discovery deadline to April 2, 2018, the mediation deadline to April 16, 2018, the deadline for dispositive motions to April 30, 2018 and a trial term to commence on October 1, 2018. Doc. 36.

Plaintiff served his First Request for Production on June 26, 2017. Doc. 38-1. Forney responded to the request on January 12, 2018 by producing certain documents and raising various objections. Doc. 38-2. The parties continued their efforts to amicably resolve their discovery disputes into February 2018, but were unable to reach an agreement. Doc. 38 at 2. At issue here are Plaintiff's Request for Production Nos. 6, 14, 15 and 16 and Forney's objections to these requests. Docs. 38,

41. Plaintiff seeks to compel Forney's production of documents in response to these discovery requests. Doc. 38.

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2).

First, Plaintiff seeks to compel Forney's response to his Request No. 6:

6. The complete personnel files of all individuals identified in response to Interrogatory No. 11,[1] including but not limited to, any

---

[1] Plaintiff's Interrogatory No. 11 and Forney's response state:

11. Please identify any and all Retail Account Specialists employed by you who were disciplined and/or terminated from 2013 through the present, including the person(s)' name, age, address, telephone number, the person's title/position, whether the person(s) is a current or former employee of Defendant and the specific reason(s) for the discipline and/or termination.

documents, records, memoranda, notes, or computer printouts which were part of the personnel files at any time.

**Response:** As to item 6, the Defendant objects on the basis of relevancy and materiality to providing Mr. Wodzenski's entire personnel file. Attached hereto is Mr. Wodzenski's resignation letter dated 6/13/16.

Docs. 38-1 at 5, 38-2 at 1.

Plaintiff argues he needs the requested documents in order to establish his discrimination claims. Doc. 38 at 8-9. Plaintiff appears to allege Wodzenski may have been involved in or accused of the same or similar misconduct as Plaintiff's but was disciplined differently. *Id.* at 8-9. Forney responds Wodzenski is not a similarly situated individual because Forney demoted Wodzenski due to his work performance issues whereas Forney terminated Plaintiff primarily because of his insubordination. Doc. 41 at 2. Alternatively, Forney requests to produce the requested documents under a confidentiality agreement. *Id.* at 3.

Plaintiff is correct that in ADEA cases, courts employ the framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Washington v. United Parcel Serv., Inc.*, 567 F. App'x 749, 751-52 (11th Cir. 2014). Under the *McDonnell Douglas* framework, a plaintiff may establish a prima facie case by showing four factors: he (1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, and (4) was replaced by a younger

---

**Response:** Paul Wodzenski was employed by Forney as a Retail Account Specialist (RAS) starting February 18, 2013. Mr. Wodzenski was demoted to Retail Account Representative (RAR) effective January 1, 2016, due to work performance issues. Mr. Wodzenski resigned for personal reasons on June 13, 2016. Mr. Wodzenski's date of birth is July 30, 1965.

Doc. 38-8 at 5.

individual, or that his employer treated employees who were not members of his protected class more favorably under similar circumstances. *Id.* at 751.

To show a valid comparison, the plaintiff must show he and "the comparators are similarly situated in all relevant aspects." *Id.* at 751. The burden of finding a proper comparator is relatively high because "the quantity and quality of a comparator's misconduct must be nearly identical to the plaintiff's misconduct." *Id.* at 751-52. Once the plaintiff establishes a prima facie case, the burden of proof shifts to the defendant to proffer a "legitimate, nondiscriminatory reason for taking the challenged employment action." *Id.* at 752. The plaintiff then must "demonstrate that the proffered reason was a pretext for discrimination." *Id.* Relevant to showing a pretext would be evidence that other employees who engaged in acts against the defendant of comparable seriousness were nevertheless retained or rehired, or statistics as to the defendant's employment policy and practice. *McDonnell Douglas*, 411 U.S. at 805.

Here, the Court finds the personnel file of Wodzenski is relevant because Forney admits it terminated Plaintiff on two bases including work quality/performance issues. Doc. 41 at 1. Thus, Forney's demotion of Wodzenski and termination of Plaintiff involve work quality/performance issues. *Id.* at 1-2. Although Forney asserts its primary reason for terminating Plaintiff is insubordination, which differentiates his termination from Wodzenski's demotion, the Court need not decide the merits of the parties' disputes at this stage and only is examining the relevance of the requested documents to Plaintiff's claim. *See* Fed.

R. Civ. P. 26(b)(1). Aside from arguing the reasons for Plaintiff's termination and Wodzenski's demotion are different, Forney does not seek to limit the scope of Plaintiff's discovery request. Doc. 41 at 2. Accordingly, the Court finds Wodzenski's complete personnel file is relevant and material to this case. *Nevin v. CSX Transp.*, No. 3:01CV1361J25TEM, 2003 WL 22005030, *2 (M.D. Fla. Feb. 13, 2003) (allowing discovery of other employees' personnel files because the court found the files were necessary to establish the plaintiff's claims of age and disability discrimination under the ADEA).

Nonetheless, the Court will direct Forney to produce the requested documents under a confidentiality agreement. "Personnel files are inherently confidential in nature and generally should be protected from dissemination." *Escarra v. Regions Bank*, No. 2:07-cv-408-FtM-29DNF, 2008 WL 11334953, at *2 (M.D. Fla. Apr. 3, 2006). Here, to address the confidentiality concern, Forney proposed a confidentiality agreement to which Plaintiff does not object. Docs. 38 at 10 n.5, 41 at 3, 41-3. Accordingly, the Court will order Forney to produce the requested documents under the confidentiality agreement proposed by Forney or otherwise agreed to by the parties.

Next, the parties dispute over Plaintiff's Request No. 14:

14. All emails between Plaintiff and Todd Reasonover.

**Response:** As to item 14, the Defendant objects to this item on the basis that it is overly broad, burdensome and harassing as to time frame and factual circumstances. Without waiving these objections, see documents produced in response to items 2 and 3.

Docs. 38-1 at 6, 38-2 at 2.

Plaintiff's Request No. 14 seeks all e-mails between him and Todd Reasonover, Plaintiff's supervisor at the time of his termination. Doc. 38 at 12. Forney responds it produced all of the requested e-mails concerning the relevant subjects. Doc. 41 at 2-3. Accordingly, the Court will deny as moot Plaintiff's request to compel Forney's production in response to Request No. 14.

Plaintiff also seeks to compel Forney's production of documents in response to his Request Nos. 15 and 16:

> 15. All documents reflecting employee sales contest results from 2013 through 2015.
>
> **Response:** As to item 15, the Defendant objects to this item on the basis of relevancy and materiality. In addition, the information requested is not reasonably calculated to lead to the discovery of admissible evidence.[2] In addition, the information requested is overly broad and burdensome. Finally, privacy interests also dictate that sales documents pertaining to other Forney employees should not be produced. Without waiving these objections, see documents produced in response to item 3. This production and any additional production should be subject to a Confidentiality Stipulation.
>
> 16. All documents reflecting monthly sales results for the East Region for 2013 through 2015.
>
> **Response:** As to item 16, the Defendant objects to this item on the basis of relevancy and materiality. In addition, the information requested is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the information requested is overly broad and burdensome. Finally, privacy interests also dictate that sales documents pertaining

---

[2] Forney objected based on the outdated language of Rule 26(b)(1), which allowed discovery of what is "reasonably calculated to lead to the discovery of admissible evidence." Doc. 38-2 at 2. Effective December 1, 2015, the phrase "reasonably calculated to lead to the discovery of admissible evidence" is no longer part of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). "The former provision of [Rule 26(b)(1)] for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is [] deleted." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

> to other Forney employees should not be produced. Without waiving these objections, see documents produced in response to item 3. This production and any additional production should be subject to a Confidentiality Stipulation.

Docs. 38-1 at 6, 38-2 at 2-3.

Plaintiff argues these documents are necessary because Forney's termination of his employment was based on his work quality/performance issues, and Forney evaluated his performance in comparison to that of other employees from different branches. Doc. 38 at 10-12. Forney again disputes that its sales data are relevant because it terminated Plaintiff primarily for his insubordination, not for his work quality/performance issues. Doc. 41 at 2. The Court overruled this particular objection in addressing Plaintiff's Request No. 6. The Court further notes in employment discrimination cases, more liberal discovery rules apply. *Wells v. Xpedx*, No. 8:05-cv-2193-T-EAJ, 2007 WL 1200955, *6 (M.D. Fla. Apr. 23, 2007) (citing *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983)).

Forney also asks to limit the scope of Request No. 15 to the East Region, the region to which Plaintiff was assigned. Doc. 41 at 2. Plaintiff opposes limiting the scope because the sales contests occurred across different regions, and the company's overall sales volume was in decline. Doc. 38 at 11-12. In a case of an individual complaint, "the most natural focus is upon the source of the complained of discrimination – the employing unit or work unit." *Earley v. Champion Int'l. Corp.*, 907 F.2d 1077, 1084 (11th Cir. 1990). To expand discovery beyond the local employing unit, a plaintiff must demonstrate "particularized need and likely relevancy." *Wells*, 2007 WL 1200955, at *6. Factors relevant to the decision

allowing broader discovery include "the number and geographic dispersion of the employer's facilities, similarities or differences in the work performed at different facilities, and whether or not a common decision maker is involved in employment decisions." *Id.*

Here, during the term of Plaintiff's employment, Forney's Vice President of Regional Sales sent an e-mail to Plaintiff comparing his sales performance with the performance of other employees from different branches. Doc. 38 at 11. Furthermore, Reasonover stated Plaintiff's performance was below that of other employees across the company, which might have influenced Forney's termination of Plaintiff's employment. *Id.* at 11-12. Accordingly, the Court finds Plaintiff has demonstrated particularized need and relevancy of Forney's company-wide sales data by showing that Forney evaluated his performance on a company-wide basis. *See Wells*, 2007 WL 1200955, at *6. The Court will not limit the scope of Request Nos. 15 and 16, and orders Forney to produce the requested documents.

Lastly, Plaintiff seeks to coordinate dates with Forney to depose certain out-of-state witnesses located in Colorado, California and Ohio. Doc. 38 at 2-3. Forney responds Plaintiff did not properly serve his notice of depositions, and the parties do not have sufficient time for additional depositions before the discovery deadline of April 2, 2018. Docs. 41 at 4-5, 41-4. The Court agrees Plaintiff did not give reasonable written notice of depositions in violation of Rule 30(b) of the Federal Rules of Civil Procedure. Doc. 41-4; Fed. R. Civ. P. 30(b). Nonetheless, because the Court orders Forney to produce additional documents, and the parties' deadline to file

dispositive motions is April 30, 2018, the Court will allow Plaintiff to proceed with depositions and direct the parties to coordinate dates.   Docs. 36 at 1, 38 at 2-3.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Compel (Doc. 38) is **GRANTED in part and DENIED in part**.

2.   The parties **immediately shall enter into** the confidentiality agreement proposed by Forney (Doc. 41-3) or otherwise agreed to by them.

3.   Plaintiff's Motion to Compel Request No. 6 is **GRANTED in part and DENIED in part**.  Forney shall produce the requested documents under the confidentiality agreement the parties enter into.

4.   Plaintiff's Motion to Compel Request No. 14 is **DENIED as moot**.

5.   Plaintiff's Motion to Compel Request Nos. 15 and 16 is **GRANTED**.

6.   Forney shall have up to and including **April 2, 2018** to produce the documents responsive to Plaintiff's Request Nos. 6, 15 and 16 in accordance with this Order.

7.   Plaintiff's request to conduct depositions is **GRANTED**.  The parties shall have up to and including **April 15, 2018** to complete depositions of out-of-state witnesses.

8.   Plaintiff's Unopposed Motion for Leave to File Reply (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record