UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. REED, JR.,

    Plaintiff,

v.                                                    Case No: 2:17-cv-288-FtM-38CM

FORNEY INDUSTRIES, INC.,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Extend Time, filed on April 16, 2018. Doc. 45. Plaintiff requests an extension of the Court's April 15, 2018 deadline to complete depositions of out-of-state witnesses as well as the April 16, 2018 mediation deadline. *Id.* Defendant opposes the relief sought, but requests an extension of the deadline for dispositive motions should the Court grant Plaintiff's requested extensions. Doc. 46. For the reasons stated below, the Court will grant the requested extensions and *sua sponte* extend the remaining deadlines.

The Court may extend any deadline for "good cause" if the request is made before the original time or the extension expires. Fed. R. Civ. P. 6(b)(1)(A). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL

413531, at *2 (M.D. Fla. Feb. 18, 2009) (*citing Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998)). Rule 6 requires a showing of excusable neglect when a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). When evaluating whether a party has shown excusable neglect, the Court should consider "'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)). District courts have broad discretion when managing their cases, including discovery and scheduling. *Johnson v. Bd. Of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Here, the Court's Order from March 26, 2018 set a deadline of April 15, 2018 to complete depositions of out-of-state witnesses. Doc. 43 at 10. Under the Amended Case Management and Scheduling Order, the mediation deadline was April 16, 2018. Doc. 36 at 1. The instant motion was filed after the deposition deadline and on the day of the mediation deadline. Therefore, Plaintiff must show good cause for the extension of both deadlines as well as excusable neglect for the extension of the deposition deadline.

The Court finds both good cause to extend the deadlines requested and excusable neglect for not having done so before the deadline. Several external factors, including technical difficulties and work-related travel, prevented Plaintiff

from reviewing Defendant's timely provided document production until April 5. *See* Doc. 45 at 2-3; Doc. 46 at 1. This left Plaintiff with only 10 days to prepare for, coordinate and complete depositions by the Court's April 15, 2018 deadline, and even fewer days if Plaintiff acquiesced to Defendant's suggested dates of April 10, 2018 and April 12, 2018. *See* Doc. 45 at 3; Doc. 46 at 1. Plaintiff has maintained diligent prosecution of this case, and neither party would be prejudiced if all the deadlines were extended to permit the desired depositions and fully develop the factual record.[1] Therefore, the Court *sua sponte* will extend the remaining deadlines to allow sufficient time for judicial resolution of the parties' future dispositive motions. Given the procedural history of this case, however, the Court will not be inclined to grant additional extensions beyond those provided by this Order absent extenuating circumstances.

ACCORDINGLY, it is

**ORDERED:**

1. The Motion to Extend Time (Doc. 45) is **GRANTED**.

2. A second amended case management and scheduling order will be issued by separate Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

---

[1] The Court also notes counsel for both parties have upcoming trials in May. *See* Doc. 47.

Copies:
Counsel of record